(Reap. Dec. 10760)

SAM YEUNG CO. *v.* UNITED STATES

Entry Nos. 1052658; 708543.

(Decided June 1, 1964)

*Lane, Young & Fox* (*William H. Fox* and *William Whynman* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

DONLON, Judge: These two appeals for reappraisement were consolidated for purposes of trial. The merchandise is water chestnuts, both whole and sliced, imported from Hong Kong.

Both parties asserted on trial that rule 15 statements were filed, but such statements are not of record. However, counsel also stated that these water chestnuts were appraised on the basis of export value, which is the same basis as that which plaintiff claims. There is no issue, therefore, as to basis of appraisement. As to the amount of export value, counsel for plaintiff stated the issue as follows, and counsel for defendant did not object:

As I understand it, the sole question involved in these two cases is the question of the correct export value. We are contending that the *per se* unit values represent that value; and as I understand it, the Government claims that the appraised value represents the correct export value. [R. 4.]

The merchandise was imported subsequent to the effective date of the Customs Simplification Act of 1956, and is not an article enumerated on the final list (T.D. 54521). Appraisement, therefore, is under section 402(b), as amended, which is as follows:

(b) For the purposes of this section, the export value of imported merchandise shall be the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise is freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States.

In R61/5726, there are 700 cases of canned water chestnuts, exported April 9, 1960, and entered on special customs invoice (Form 5515) on June 1, 1960, at $11.50 per case. That merchandise was appraised at $11.93 per case. The invoice and entry do not show whether these

chestnuts were whole or sliced, but it appears from other evidence that they were whole chestnuts.

In R61/9155, there are 933 cases of canned whole water chestnuts and 382 cases of canned sliced water chestnuts, exported from Hong Kong on May 19, 1960, and entered on special customs invoice (Form 5515) on July 11, 1960, at a value of $12 per case for the whole chestnuts and at a value of $12.50 per case for the sliced chestnuts.

All dollars thus far stated are United States dollars. The whole and sliced water chestnuts of R61/9155 were, however, appraised in Hong Kong dollars at $75 per case, plus 1 percent, packed, for the whole water chestnuts and at $77 per case, plus 1 percent, packed, for the sliced water chestnuts.

All these chestnuts were sold to plaintiff by Howe Tack Co., Ltd., of Hong Kong.

While, as noted above, there is not a clear identification of the 700 cases of R61/5726, as to whether they are whole or sliced, the order, which plaintiff asserts is the order for that purchase, calls for 700 cases of canned *whole* water chestnuts. (Collective exhibit 1.)

Plaintiff adduced the testimony of Mr. Chek Sam Jon, since 1938 the sole owner of plaintiff; introduced into evidence certain documents (collective exhibits 1 and 2), and also the affidavit of Mr. Chan Shiu On, of Hong Kong, assistant manager and secretary of Howe Tack Co. Mr. Chan's affidavit is affirmed and interpreted by Liang Nai Kuang, who, in turn, was certified by William F. Eaton, vice consul of the United States in Hong Kong, to be duly commissioned and qualified as Commissioner for Oaths of the Courts of Justice in Hong Kong. (Exhibit 3.)

Defendant introduced no evidence. Defendant's case, therefore, rests entirely on an argument that plaintiff has not, by its proofs, overcome the presumption that the appraisement is correct.

Export value is predicated upon facts subsisting at the time of exportation. As to the two types of merchandise, the dates of export from Hong Kong are:

> April 9, 1960, whole chestnuts, 6/5 lbs. pack.
> May 19, 1960, whole chestnuts, 6/5 lbs. pack.
> May 19, 1960, sliced chestnuts, 6/5 lbs. pack.

Mr. Chek testified that he received from Howe Tack Co. offers to sell water chestnuts in those packs, and that he placed orders. Copies of letters of offer and orders were received in evidence. As to appeal R61/5726, they are collective exhibit 1; as to appeal R61/9155, they are collective exhibit 2.

On February 24, 1960, Howe Tack offered 1,200 cases 6/5 pounds canned *whole* water chestnuts to plaintiff at United States $11.50 per case; and 500 cases 6/5 pounds canned *sliced* water chestnuts at

United States $12 per case. On March 24, 1960, Howe Tack offered 700 cases 6/5 pounds canned *sliced* water chestnuts at United States $12 per case. The offer of February 24, 1960, was stated to be the offer of "our present stock"; on March 24, 1960, it was the offer of "our last stock." Both offers included also offers of canned water chestnuts in packs of a different size, but only the 6/5-pound packs are merchandise of these appeals.

Exhibit 3, the affidavit of Mr. Chan, of Howe Tack Co., seller and exporter of these water chestnuts, shows sales of the 6/5-pound pack for export to the United States, made by Howe Tack from January 16, 1960, to May 19, 1960, a period of 4 months down to and including the date of the second of the two exportations before the court. Those sales are as follows:

| Jan. 16 | 1,200 cs. | Whole | U.S. $11.30 | Sam Yeung Co. |
| Feb. 4 | 300 cs. | Sliced | U.S. $11.80 | Sam Yeung Co. |
| Feb. 15 | 1,000 cs. | Whole | U.S. $11.30 | Sam Yeung Co. |
| Feb. 15 | 200 cs. | Sliced | U.S. $11.80 | Sam Yeung Co. |
| Feb. 24 | 1,000 cs. | Whole | U.S. $11.50 | Sam Yeung Co. |
| Feb. 24 | 200 cs. | Sliced | U.S. $12.00 | Sam Yeung Co. |
| Mar. 14 | 1,000 cs. | Whole | U.S. $11.50 | Sam Yeung Co. |
| Mar. 14 | 100 cs. | Whole | U.S. $12.00 | Lee's Agency |
| Mar. 14 | 100 cs. | Sliced | U.S. $12.50 | Lee's Agency |
| Mar. 28 | 100 cs. | Sliced | U.S. $12.00 | Summit Import Corp. |
| Mar. 28 | 50 cs. | Whole | U.S. $11.50 | Summit Import Corp. |
| Apr. 8 | 700 cs. | Whole | U.S. $11.50 | Sam Yeung Co. |
| Apr. 18 | 50 cs. | Sliced | U.S. $12.00 | Bohea Trading Co. |
| May 19 | 933 cs. | Whole | U.S. $12.00 | Sam Yeung Co. |
| May 19 | 382 cs. | Sliced | U.S. $12.50 | Sam Yeung Co. |
| May 19 | 50 cs. | Whole | U.S. $12.00 | Japan Food Corp. |

Sales during that period by Howe Tack included also two sales, aggregating 229 cases, of canned whole water chestnuts in different size packs. In contrast, there were 7,365 cases sold in the 6/5-pound pack, of which 6,033 cases were whole and 1,332 cases were sliced chestnuts.

In considering exhibit 3, it is necessary to keep in mind the dates and prices that are significant here. They are April 9, 1960, with a claimed export value on that date of $11.50 per case for whole chestnuts; and May 19, 1960, with a claimed export value on that date of $12 per case for whole chestnuts and of $12.50 per case for sliced chestnuts.

It appears that Howe Tack was selling for export, between January 15, 1960, and February 16, 1960, at $11.30 per case for the whole and at $11.80 per case for the sliced water chestnuts. In late February, the price advanced 20 cents per case for each, to $11.50 for the whole and to $12 for the sliced. These prices again were advanced in mid-March, to $12 for the whole and $12.50 for the sliced chestnuts, and remained at those prices until the latter of the two dates significant here; except that on March 28, 1960, there were sales to Summit Import Corp. of 100 cases, sliced, at $12 and of 50 cases, whole, at $11.50

per case, and on April 8, 1960, of 700 cases, whole, to plaintiff at $11.50 per case.

It is evident that this was a period of rising prices for canned water chestnuts exported from Hong Kong. Mr. Chek conceded that this was so. He was, however, firm in his assertion that he checked prices of Hong Kong suppliers other than Howe Tack.

It may very well be that sales to plaintiff were at prices current on the day an order was placed, but that before receipt in Hong Kong and shipment of the ordered chestnuts, the market price may have advanced. Export value is based on price at the time of exportation.

Market price of whole water chestnuts on April 8, 1960, was at least $12 per case in the 6/5-pound pack. Plaintiff, therefore, has not overcome the presumption that appraised value of the merchandise of appeal R61/5726, viz, $11.93 per case, was correct. Such appraisement, in United States currency, is affirmed.

As to the water chestnuts of appeal R61/9155, the uncontradicted evidence shows sales, in May 1960, at prices not above the values plaintiff claims, namely, $12 for the whole and $12.50 for sliced water chestnuts, in the 6/5-pound pack.

Mr. Chek was insistent that he never was offered and never bought at prices quoted in Hong Kong dollars, but there is no proof sufficient to overcome the presumption that a value in Hong Kong dollars is proper for appraisement of Hong Kong merchandise on an export value basis.

However, the values as to the merchandise of appeal R61/9155 should be the equivalent, in Hong Kong dollars, of United States dollar prices for the whole chestnuts, of $12 per case for the whole and of $12.50 per case for the sliced chestnuts, as plaintiff claims.

The presumption of correctness attaches to every element of value, as found by the appraiser, save only that which is in controversy.

I find as facts:

1. That the merchandise of these appeals consists of canned whole water chestnuts, 6/5-pound pack, exported from Hong Kong on April 9, 1960; and canned whole water chestnuts and canned sliced water chestnuts, 6/5-pound pack, exported from Hong Kong on May 19, 1960.

2. That canned whole and canned sliced water chestnuts are not specified in the final list of articles published by the Secretary of the Treasury (T.D. 54521), pursuant to the Customs Simplification Act of 1956, which final list became effective February 27, 1958.

3. That, at the time of exportation on April 9, 1960, canned whole water chestnuts, 6/5-pound pack, were freely offered for sale to all purchasers for export to the United States in the ordinary course of trade at a market price of not less than $11.93 per case, United States dollars, as appraised.

4. That, at the time of exportation on May 19, 1960, canned whole water chestnuts and canned sliced water chestnuts, 6/5-pound pack, were freely offered for sale to all purchasers for export to the United States in the ordinary course of trade at $12 per case for whole water chestnuts and $12.50 per case for sliced water chestnuts.

5. That the appraiser, in computing the value of the canned water chestnuts exported on May 19, 1960, appraised the canned whole water chestnuts, 6/5-pound pack, in Hong Kong dollars at $75 per case, plus 1 percent, packed, and the canned sliced water chestnuts, 6/5-pound pack, in Hong Kong dollars at $77 per case, plus 1 percent, packed.

I conclude as a matter of law:

1. That export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for appraisement of the canned water chestnuts, whole and sliced, of these appeals.

2. That the export value of the canned whole water chestnuts, 6/5-pound pack, of appeal for reappraisement R61/5726 is the appraised value.

3. That the export value of the water chestnuts of appeal for reappraisement R61/9155 is United States dollars $12 per case, 6/5-pound pack, plus packing, for the canned whole water chestnuts, and United States dollars $12.50 per case, 6/5-pound pack, plus packing, for the canned sliced water chestnuts, or as to both values, the equivalent thereof in Hong Kong dollars.

Judgment will be entered accordingly.